**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18CR00574 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| | : | |
| CREGG A. VAUGHN, | : | **DEFENDANT CREGG VAUGHN'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Defendant Cregg Vaughn, through counsel, respectfully submits the instant sentencing memorandum for this Court's consideration in determining the appropriate sentence at his March 6, 2019, sentencing hearing.  Mr. Vaughn requests a sentence sufficient, but not greater than necessary to achieve the statutory goals of sentencing Title 18, U.S.C. §§ 3553(a) and 3661.

**I.**      **Adjusted Offense Level Should be Level 20**

The PSR calculates the adjusted offense level at 21, after grouping the counts into 1.5 units and adding one level pursuant to U.S.S.G. § 3D1.4. PSR ¶¶ 30, 32.  However, pursuant to the written plea agreement the parties agreed that no further adjustments to the offense level of 20 would apply beyond the potential of the government to argue for the application of U.S.S.G. §§ 2D1.1 (b)(1) or 2K2.1(b)(6)(B).  Therefore, since the parties agreed that there would be no increase in the offense level based on a multiple count unit adjustment, Mr. Vaughn request that this Court apply an adjusted offense level of 20 and sentence him at a total offense level of 17 after acceptance of responsibility.

## II.   Mr. Vaugh's Criminal History Category Should be Category IV

Mr. Vaughn disputes the Criminal History Category V calculated in the PSR based on the following points.

Paragraph 57:  Mr. Vaughn denies that he was convicted of Endanger Security Interest in Clayton County, GA in 2009.  Mr. Vaughn asserts that he was not in Georgia during this time.

Paragraph 60:  Mr. Vaughn asserts that the Domestic Violence charge was dismissed when he was sentence on the violation of a protection order referenced in paragraph 58.  Both offenses were imposed on the same date without an intervening arrest.

Paragraphs 62 & 65:  Mr. Vaugh denies that he was convicted of an offense in Ashland County as referenced in ¶ 65.  Assuming it references an Ashtabula County conviction, Mr. Vaughn was sentenced on the same date as the offense referenced in ¶ 62 without an intervening arrest. Therefore, these convictions should be counted as one offense.

Paragraph 65:  Mr. Vaughn objects to the reference of an alleged incident in the Ohio Department of Rehabilitation and Corrections.  Mr. Vaughn disputes the factual allegations and the allegations have no relevance to the calculation of his Criminal History score.

Paragraph 67:  Mr. Vaugh asserts that his conviction for possessing criminal tools was subsequently reversed on appeal.   Therefore, he should not receive any Criminal History points for this conviction.

## III.   Guideline Range

After the corrections to Mr. Vaughn's offense level and Criminal History based on the aforementioned objections, Mr. Vaughn's total offense level is 17 and Criminal History Category is IV.  This results in a guideline range of 37-46 months.

**IV.    Nature and Circumstances of the Offense**

Mr. Vaughn has struggled with mental health issues and substance abuse the majority of his life.   He is not a major drug dealer and sold very small quantities of drugs to support his own addiction.  The firearm at issue in this case is a rifle that was located in the basement of the home were Mr. Vaughn was living in and played no role in the drug transactions herein.   The rifle was owned by a relative and left in the basement for storage.  Because the rifle was taped in several places, Mr. Vaughn was informed by his relative, and he had a good faith belief, that the rifle was inoperable.

**V.    History and Characteristics of Mr. Vaughn**

As stated previously, Mr. Vaughn has struggled with drug and alcohol addiction since a very early age.  This is compounded by the fact that Mr. Vaughn suffers from mental health problems that include major depression disorder.  Mr. Vaugh receives SSI disability due to his mental health issues.  Around the time of the instant offenses, Mr. Vaughn struggled to deal with the death of his mother-in-law, whom he was very close to, and he relapsed to deal with the loss.

Despite these problems, Mr. Vaughn has been very instrumental in the upbringing of his natural and step-children that total 13 in all.  Both of his daughters have graduated from high school and college.  Mr. Vaughn was very gifted in sports and has coached both little league football and basketball in Ashtabula County.

**VI.    Conclusion**

Mr. Vaughn respectfully requests the Court consider the factors highlighted within in support of a sentence that is sufficient, but not greater than necessary to achieve the statutory purposes of punishment as required by 18, U.S.C. §§ 3553(a).

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928

*/s/TIMOTHY C. IVEY*
Assistant Federal Public Defender
Ohio Bar:  0039246
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: timothy_ivey@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2019, a copy of the foregoing <u>Sentencing Memorandum</u> was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

<u>/s/Timothy C. Ivey</u>
TIMOTHY C. IVEY
Assistant Federal Public Defender
Ohio Bar:  0039246
